UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22440-CIV-LENARD/GARBER

MARIA ANTONIA IBARRA,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.
_____/

# REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Joan A. Lenard. Pursuant to such reference, the Court has received plaintiff Maria Antonia Ibarra's Motion for Summary Judgment [DE 18] and defendant Michael J. Astrue, Commissioner of Social Security's Motion for Summary Judgment [DE 16]. The Court has also received the concomitant responses as well as a reply from the Commissioner. The issues before this Court are whether the record contains substantial evidence to support the denial of benefits to the plaintiff and whether the proper legal standards were applied. Upon due consideration, the undersigned respectfully recommends that this case be remanded for the reasons set forth below.

**I.    Background**

    **A.    Brief Statement of Facts**

Ibarra filed her application for benefits on November 17, 2005, alleging a disability that began on February 14, 2004. The Court declines to recount the details of Ibarra's claim or the evidence that may or may not establish her disability, finding it sufficient, for the purposes of this Report and

Recommendation, to note only that the medical evidence submitted by the claimant was comprised of the following documents:

1. a "Psychiatric Evaluation," completed by Dr. Antonio J. Fernandez, M.D., dated February 14, 2006, DE 12-2 at 1-2;

2. a "Medical Assessment of Ability to Do Work-Related Activities (Mental)," completed by Dr. Cesare Raoli, M.D, which is undated, DE 12-2 at 36-37; and

3. a "Psychiatric and Psychosocial Evaluation," also completed by Dr. Raoli, dated September 1, 2006, DE 12-2 at 38-50.

The administrative law judge declined to consider the opinions of Dr. Raoli (items (2) and (3) from the list above).[1]

### B. Procedural History

After Ibarrra's application was denied initially and then again upon reconsideration, she appealed the decision to the ALJ. After a hearing, the ALJ issued an unfavorable decision on October 15, 2007, finding that Ibarra was not disabled. Ibarra's request for review was denied, rendering the ALJ's decision the final decision of the Commissioner and subject to judicial review under 42 U.S.C. § 405(g).

### C. Regulatory Framework and Summary of the ALJ's Conclusions

Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled and eligible for supplemental security income: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the "Listing of Impairments";[2] (4) based on a residual functional

---

[1] The ALJ stated in her decision that "the only medical evidence of record is a consultative psychiatric examination by Antonio Fernandez, M.D." DE 12-1 at 28.

[2] This list is found at 20 C.F.R. Part 404, Subpart P, Appendix 1. Certain impairments are so severe, whether considered alone or in conjunction with other impairments, that if they are established, the regulations require a finding

capacity assessment, whether the claimant can perform any of her past relevant work despite her impairments; and (5) if not, whether there are significant numbers of jobs in the national economy that the claimant can perform given the her residual functional capacity, age, education, and work experience. See 20 C.F.R. § 416.920 (a)-(g).

Here, the ALJ determined that: (1) Ibarra was not engaged in substantial gainful activity; (2) she suffers from severe impairments; (3) her impairments do not, however, meet the criteria of a listed impairment; and (4) her impairments do not prevent her from performing her past relevant work. Because of her finding at step four, the ALJ's analysis did not proceed to step five.

**II.     Standard of Review**

The ALJ's decision is reviewed to determine if it is supported by substantial evidence and based on proper legal standards. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (internal citations omitted). Although the ALJ's factual findings are limited to a deferential standard of review, no presumption of validity is applied to her legal conclusions, including a determination of the appropriate legal standards to be applied in analyzing and deciding a claim for benefits. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991). Further, as in this case, a reviewing court need not make a determination of whether the ALJ's decision was supported by substantial evidence if the court first finds that the correct legal standards were not applied. E.g., Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999).

**III.    Discussion**

Ibarra's primary complaint with respect to the ALJ's decision is that the ALJ improperly rejected Dr. Raoli's assessment and evaluation. The Court agrees.

---

of disability without further inquiry into the claimant's ability to perform other work. Gibson v. Heckler, 762 F.2d 1516, 1518 n. 1 (11th Cir. 1985). If not so established, the analysis proceeds to step four.

Though Dr. Raoli completed an assessment and evaluation of Ibarra, Ibarra and her attorney were unable to get Dr. Raoli's office to supply her treatment records, as was explained to the ALJ at the hearing. DE 12-1 at 34. Ibarra's attorney reported to the ALJ that, after submitting copies of Ibarra's cancelled checks to the clinic, showing that Ibarra had been there multiple times, the clinic stopped returning Ibarra or her counsel's calls. Id. After the hearing, someone from the ALJ's office contacted the clinic, in another attempt to get Ibarra's treatment records. DE 12-1 at 200. The report of contact, summarizing the communications, notes that the contact from the ALJ's office left repeated messages at the clinic with no response. Id. When contact was finally made, the clinic suggested that a social worker at the clinic might have the records but that he was away and his office was locked and it was unknown when he would be returning. Id. Contact was thereafter made with Dr. Raoli himself who told the ALJ's office that he didn't recall ever seeing Ibarra and that he couldn't find any record of his completing any evaluations of her. Id. He also said that, upon investigation, nothing further was found in the absent social worker's office. Id.

This appears to have led the ALJ to question the authenticity of the reports that Ibarra submitted as the ALJ referred to them in her decision as "evaluation reports purportedly from Dr. Raoli." DE 12-1 at 28 (emphasis added). The ALJ also mischaracterized the notes from the report of contact, and portrayed Dr. Raoli as stating that "he never treated the claimant or filled out any evaluations regarding her alleged impairments" (emphasis added) when all he was alleged to have told the ALJ's office was that he couldn't recall or find evidence of either. Id.

The ALJ erred by not clearly articulating good cause to reject the opinions of Dr. Raoli, Ibarra's treating physician. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). First, the ALJ didn't clearly articulate any reason, never mind a good reason, for rejecting Dr. Raoli's opinions. The Court is left to assume that she rejected it based on Dr. Raoli's statements as recorded in the call

report, but she never explicitly stated this in her decision. Second, even if the Court considered the ALJ to have clearly articulated this reasoning, such reasoning would not amount to good cause. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (requiring that good cause be established by showing that: (1) the physician's opinion is not supported by the evidence; (2) the record evidence supports a contrary finding; or (3) the physician's opinion is conclusory or inconsistent with his own records). The ALJ cannot rely on the post-hearing communication with Dr. Raoli to reject all but one of the reports submitted by Ibarra without affording her the opportunity to review the report of contact, as well as rebut the allegations therein and cross-examine Dr. Raoli. The Eleventh Circuit has held, in Demenech v. Sec'y of the Dept. of Health and Human Servs., that, where an ALJ relies on a post-hearing medical report to contradict a claimant's contentions, it is a violation of due process not to allow the claimant the opportunity of cross-examination. 913 F.2d 882, 884-85 (11th Cir. 1990).

Contrary to the Commissioner's contention, the Court finds the right to cross-examine is no less applicable where, as here, the ALJ is relying on post-hearing evidence to invalidate medical reports upon which a an applicant's claim depends. Nor is the Court persuaded by the Commissioner's argument that the post-hearing call record was simply an internal document which merely confirmed information already supplied by Ibarra. On the contrary, the ALJ concluded from this call record that Dr. Raoli denied ever treating or even evaluating Ibarra. This is not a case where, for example, the post-hearing evidence is cumulative or not determinative of the ALJ's decision. See, e.g., James v. Barnhart, 177 Fed. Appx. 875, 877 (11th Cir. 2006) (finding no due process violation where the post-hearing report was not substantially relied upon by the ALJ and was consistent with three other reports); Adzima v. Comm'r of Soc. Sec., 2010 WL 5174495, at *3 (M.D. Fla. 2010)

(finding that despite the general rule, due process rights are not violated when the new evidence obtained by the ALJ is merely cumulative).

Without affording the claimant the opportunity of review, rebuttal, and cross-examination, the ALJ cannot rely on a physician's post-hearing statements as evidence that establishes good cause for rejecting that same physician's assessment and evaluation. This is especially so where, as here, that physician's opinions make up the bulk of the applicant's claim.

Concluding that the ALJ erred by not allowing Ibarra to respond to the post-hearing evidence and to cross-examine Dr. Raoli, the Court finds it unnecessary to address Ibarra's other claims. The Court recommends that this case be remanded so that Ibarra may be afforded the opportunity to cross-examine Dr. Raoli and rebut the conclusions reached by the ALJ about his reports. Once Ibarra has had this opportunity, the ALJ must reevaluate the entire record in compliance with the applicable case law, statutory and regulatory frameworks, and Social Security rulings, clearly articulating her reasoning at each step of the sequential analysis.

## IV.     Conclusion and Recommendation

The undersigned finds that the ALJ erred by relying on post-hearing statements from Ibarra's treating physician without allowing Ibarra the opportunity to review and rebut the statements or the opportunity to cross-examine the physician. Accordingly, and as set forth more fully above, the undersigned respectfully

RECOMMENDS that the decision of the ALJ be REVERSED and REMANDED for a redetermination of Ibarra's application for disability benefits.

Accordingly, it is also the recommendation of the undersigned that Ibarra's Motion for Summary Judgement [DE 18] be GRANTED and that the Commissioner's Motion for Summary Judgment [DE 16] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. See also 28 U.S.C. § 636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 23rd day of February 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE